IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MILSON LOPEZ ESCOBAR | )( |
| | )( |
| Plaintiff, | )( |
| | )( |
| V. | )(   NO. |
| | )( |
| UNITED STATES POSTAL SERVICE | )( |
| and UNITED STATES OF AMERICA, | )( |
| | )( |
| Defendants. | )( |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now MILSON LOPEZ ESCOBAR, hereinafter called Plaintiff, complaining of the UNITED STATES POSTAL SERVICE and UNITED STATES OF AMERICA, hereinafter referred to as Defendants, and would respectfully show the Court the following:

I.

This action arises under the provisions of Title 39, U.S.C. Section 409 and Title 28 U.S.C., Section 1339 in conjunction with the Federal Tort Claims Act, Title 28, U.S.C. Section 1346(b) and 2661 et seq.

II.

Plaintiff resides in the above entitled judicial district. Defendants may be served with process pursuant to Rule 4, Fed. R. Civ. P.

III.

At all times herein mentioned, Defendant UNITED STATES OF AMERICA, by and through the Defendant UNITED STATES POSTAL SERVICE, owned a 2000 Ford Van, also

known as a mail truck.

## IV.

On or about April 4, 2015 on a public street named Pitner in the City of Houston, Harris County, Texas, the Defendants' agent negligently drove his mail truck and collided with the Plaintiffs' vehicle, which said Plaintiff was operating.

## V.

Under the circumstances in the case, the persons responsible for the operation of Defendants' vehicle, if they were private persons, would be liable to the Plaintiff for his damages resulting from the collision.

## VI.

The postal truck which collided with the Plaintiff was owned by the UNITED STATES POSTAL SERVICE and used in the delivery of United States mail. The driver of the vehicle in question was acting in an official capacity on behalf of the UNITED STATES POSTAL SERVICE in the delivery of United States mail. The collision occurred while the driver of the vehicle was an employee of the UNITED STATES OF AMERICA acting in the scope of hid office and employment on behalf of the UNITED STATES POSTAL SERVICE.

## VII.

The agent of the Defendants was careless, reckless and negligent in the operation of Defendants' vehicle in that he failed to:

    1)    Failed to yield the right of way;

    2)    Failed to control his speed;

    3)    Failed to keep a proper lookout;

    4)    Failed to turn right or left to avoid an accident;

    5)    Failed to apply his brakes in time to avoid a collision;

    6)    Failed to exercise due care;

    7)    Failed to stop his vehicle; and

    8)    Failed to back his vehicle properly.

## VIII.

The agent of the Defendants was guilty of negligence per se in the operation of the Defendants' vehicle in that he violated Sections 545.151, 153, 155, 351 and Section 546.005 and 103 of the Texas Transportation Code. The purpose of these statutes is for highway safety and to prevent accidents and injuries to the general public and users of the highways and roads. On April 4, 2015, the Defendants' agent acted contrary to the above statutes in that he violated the following Section which proximately caused damages to Plaintiff:

    a)    545.151, by failing to stop prior to entering an intersection;

    b)    545.153, by entering an intersection unsafely and colliding with another vehicle;

    c)    545.155, by failing to stop and yield from private road or driveway;

    d)    545.351, by traveling at a speed greater than reasonable;

    e)    546.005, by driving in wilful or wanton disregard for the safety of others or their property; and

    f)    546.103, by not moving with safety.

## IX.

As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the agent of the Defendants, Plaintiff was permanently injured, damaged and disfigured,

all of which will require constant care for the remainder of his natural life.

### X.

As a further direct and proximate result of the acts of negligence of the agent of the Defendants, the Plaintiff has been permanently impaired, damaged and disfigured. Plaintiff has been subjected to medical expenses and will incur other like medical expenses in the future, all of which expenses, both past and future, are and will be the customary, reasonable and necessary expenses for like and similar services in Harris County, Texas, and all of which were made necessary by reason of the acts of the agent of the Defendants.

### XI.

Further, as a direct and proximate result of the said negligence, the Plaintiff has suffered the following described injuries:

1. He sustained permanent damage and disfigurement to his neck, back and spine causing him life long humiliation, pain, suffering, anxiety and embarrassment;

2. He suffered a dislocated right shoulder injury which required surgery and caused him severe pain and suffering;

3. He suffered an arm injury;

4. He has required and will require hospitalization, medical care and attention in the past in the amount of $46,000.00 and in the future for an indefinite time at a reasonably anticipated cost of $50,000.00;

5. His capacity to enjoy life for the remainder of his life will be severely impaired and diminished;

6. His wage earning capacity for the remainder of his lifetime, within reasonable probability, has been seriously diminished, if not destroyed; he has also sustained lost wages in the amount of $25,000.00;

7. He has sustained pain and suffering and, within reasonable medical probability, will sustain pain and suffering in the future;

8. He will be subjected to surgical operation on his back and will be, within reasonable medical probability, and

9. He has lost the use of his vehicle and it requires repairs of $3,000.00 and a rental fee for the use of another vehicle for $500.00.

## XII.

By reason of all of the foregoing, Plaintiff has been damaged in the sum of $150,000.00 in addition to his property damages of $3,000.00.

## XIII.

Plaintiff filed a claim for injuries with the United States Postal Service. Six months have passed since the filing of the claim which is tantamount to the denial of the claim.

## PRAYER

WHEREFORE, premises considered, Plaintiff prays that each Defendant be cited and served in terms of the law to appear and answer herein, and that upon final trial of this cause, Plaintiff has judgment against each Defendant in the sum of $153,000.00 and for such other and further relief, both general and special, at law and in equity, to which the Plaintiff is justly entitled.

Respectfully submitted,

/s/ Walter L. Boyaki
**WALTER L. BOYAKI**
State Bar No. 02759500
*Boyaki Law Firm*
4621 Pershing Drive
El Paso, Texas  79903
Tel: (915) 566-8688
Fax: (915) 566-5906
Email: wboyaki@boyakilawfirm.com

/s/ Heriberto Ramos
**HERIBERTO RAMOS**
State Bar No. 24033102
Ramos & Associates
Two Riverway, Suite 1770
Houston, Texas 77056
Tel: 713-333-7025
Fax: 713-425-4301
Email: hramos@hramoslaw.com

ATTORNEYS FOR PLAINTIFF